UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| SAMUEL PHILLIP LEWIS, III, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No.: | 2:24-CV-117-CLC-CRW |
| NURSE PRACTITIONER MARTHA, MEDICAL ADMINISTRATOR, MENTAL HEALTH ADVOCATE MCKENZIE, and SHERIFF CASSIDY, | ) ) ) ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

Plaintiff is a prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 [*See* Docs. 5, 6]. Upon screening Plaintiff's complaint in accordance with the Prison Litigation Reform Act, *see, e.g.,* 28 U.S.C. § 1915(e)(2), the Court found Plaintiff's allegations fail to state a claim upon which relief may be granted [Doc. 6]. Nevertheless, the Court entered an Order giving Plaintiff through August 30, 2024, to file an amended complaint with "additional factual detail that may support a finding that one or more Defendants have acted with deliberate indifference to his serious medical or mental health needs" [*Id.* at 11]. That deadline has passed. Plaintiff has not complied with the Court's Order.[1]

"It is the duty of any party not represented by counsel . . . to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. Federal Rule of Civil Procedure 41(b) gives the Court authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. &*

---

[1] The day before the Court entered its Order, Plaintiff mailed the Court a "Motion to Request Permission to Submit Emergency Amendment" [*See* Doc. 7 at 5]. It is axiomatic that this motion is not responsive to the Court's Order.

*Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, Plaintiff's failure to prosecute this case and comply with the Court's prior Order requires the Court to dismiss this action. First, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. Second, the Court finds that Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants, as they have not yet been served. Third, the Court's Order expressly warned Plaintiff that a failure to timely comply would result in the dismissal of this action [Doc. 6 at 12]. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff's complaint fails to state a § 1983 claim, and he failed to follow the Court's clear instructions to attempt to remedy its deficiencies. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status

did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).  Accordingly, this action will be **DISMISSED**.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**